STEVE STANLEY V. THE STATE.

No. 18381.   Delivered June 3, 1936.
Rehearing Denied June 26, 1936.

The opinion states the case.

*Jack Varner,* of Nacogdoches, and *Grover C. Lowe,* of Woodville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of seven years.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction. The testimony adduced by the State shows that on the morning of the 4th day of June, 1931, Mr. S. P. Dean, who owned a mercantile business in the town of Rockland, Texas, was robbed by two men. At the time of the alleged robbery the appellant and his brother, Marion, and their mother were visiting Harry Stanley who was, with his family, camping on the Neches River. On the afternoon of the day prior to the morning that the alleged offense was committed the appellant and his brother, Marion, were seen going towards the town of Rockland. Upon their return to the camp early the next morning they gave to their brother Harry Stanley about five of six dollars in pennies, and then left going to different states and finally concluded their journey in the city of Denver, Colorado. Approximately two years later Harry Stanley and his wife moved to Denver, Colorado, and while there she overheard a conversation between the appellant and his brother, Marion, in which they admitted having committed the offense for which the appellant was on trial. After appellant was arrested and placed in jail, he broke out of the Tyler County jail, made his escape and for nearly two years eluded the officers. About the time the alleged offense was committed appellant purchased a second-hand automobile and made a partial payment of thirty dollars in currency. Some of the money taken by the robbers from Mr. Dean was currency. It is our opinion that the facts and circumstances proven by the State are sufficient to sustain the conviction.

Appellant's next contention is that the court erred in not

instructing the jury that Mrs. Linnie Stanley was an accomplice and that the court erred in failing to submit said issue to the jury. The testimony shows that the appellant was in the vicinity of the place where the alleged robbery was committed at the time it was committed; that the witness Mrs. Linnie Stanley saw the appellant give to her husband a large amount of pennies; that nearly two years later she heard appellant and his brother talking about the robbing of Mr. Dean and heard them say they did it. We do not believe that these facts bring the witness within the category of an accomplice, an accessory, or raise such an issue. Hence the court did not err in declining to instruct the jury with reference to the law of an accomplice witness.

Appellant also contends that the court should have instructed the jury on the law of circumstantial evidence. This contention is without merit because the record shows that the court did instruct the jury on said matter. Hence no error is shown.

Appellant also complains of the court's refusal to submit to the jury his special requested charges on the law of accomplice testimony. An inspection of the court's charge discloses the fact that the court instructed the jury as to the said matter. Hence no error is shown.

Therefore it is ordered that the judgment of the trial court be, and the same is, affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's motion, this court now takes out of its original opinion the following statement: "An inspection of the court's charge discloses the fact that the court instructed the jury as to the said matter. Hence no error is shown." We should have said and intended to say that the facts in this case wholly fail to show that Mrs. Stanley, a State witness, was an accomplice, and hence there was no necessity for the court submitting to the jury the law relative to accomplice witnesses, and hence no error was shown. We think the court's charge on circumstantial evidence presented the law of that issue as fully as the facts required. We are not in accord with appellant's contention that he was

entitled to a more definite, or, as he styles it, affirmative charge applying in a different way the law of circumstantial evidence. The facts of this case show that appellant and his brother were observed running away from the store of Mr. Dean a few minutes after the alleged robbery, the observation being made by Mr. Dean's son, who testified to that fact. The evidence also showed by a number of other witnesses that appellant and his brother were seen in the neighborhood by other people about the same time, and that they suddenly disappeared and left the country, and that appellant escaped from jail where he was confined on this charge and was arrested in a different jurisdiction. The evidence further shows that appellant said, in the presence of his sister-in-law, Mrs. Stanley, in the State of Colorado, some time after the alleged robbery, that he committed same. We are not in accord with any of the contentions made in appellant's motion, and same is accordingly overruled.

*Overruled.*

MORROW, P. J., absent.